UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **AMBER WINEGARDEN,** <br><br> Plaintiff, <br><br> vs. <br><br> **CAPITAL ONE BANK, N.A.,** <br><br> Defendant. | Case No. 3:18cv356 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, AMBER WINEGARDEN ("Plaintiff"), through her attorneys, alleges the following against Defendant, CAPITAL ONE BANK, N.A., ("Defendant"):

### NATURE OF THE CASE

1. MICHELLE BROWN (Plaintiff) bring this action to secure redress from CAPITAL ONE BANK, N.A., (Defendant) for violations of the Michigan Collection Practices Act [MICH. COMP. LAW § 445.251] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. 227 and 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendant is headquartered and transacts business here.

## PARTIES

4. Plaintiff, AMBER WINEGARDEN ("Plaintiff"), is a natural person residing in the State of Michigan.

5. Upon information and belief, the Defendant, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in Virginia and headquartered in McLean, Virginia. Defendant has and maintains various physical offices and locations throughout the state of Virginia, including Richmond. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

5. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" with respect to Plaintiff's personal credit account.

6. Defendant constantly and continuously called Plaintiff at her cellular telephone number ending in 6121 with the intent to harass Plaintiff into paying alleged debt. Defendant called Plaintiff upwards of two (2) to five (5) times in a single day.

7. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including

upwards of two (2) to five (5) telephone calls in one day. Defendant called on several and numerous occasions with the intent to harass Plaintiff.

8. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

9. Beginning in January of 2018 (after months of receiving Defendant's incessant autodialed calls), Plaintiff answered one of Defendant's calls and advised an agent that Defendant was to cease placing any further calls to Plaintiff and her cellular telephone. Despite these clear instructions, Defendant continued to place its autodialed collection calls to Plaintiff's cellular telephone. In sum, since January 2018, Plaintiff has answered at least three (3) or four (4) of Defendant's calls and demanded that Defendant cease calling Plaintiff. Notwithstanding, Defendant continued its barrage of autodialed collection calls into May of 2018. In sum, Plaintiff estimates that Defendant has placed **over two hundred (200) autodialed collection calls** to Plaintiff's cellular telephone since that time.

10. Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place these aforementioned collection calls to Plaintiff. The dead air that the Plaintiff experienced on the calls that she received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system.

11. This "dead air" is commonplace with autodialing dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on

and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

12. The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. As of January 2018, when Plaintiff first demanded that Defendant cease placing its calls to her cellular telephone, any such consent for Defendant to place its autodialed calls (assuming it existed in the first place), was revoked by Plaintiff. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

      a. Invading Plaintiff's privacy;

      b. Electronically intruding upon Plaintiff's seclusion;

c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls

## FIRST CAUSE OF ACTION

**(Violation of the MCPA, § 445.21, et seq.)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant violated the MCPA. Defendant's violations include, but are not limited to, the following:

(a). Defendant violated §445.252(n) of the MCPA by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the MCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to DC CODE § 28-3813; and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Costs and reasonable attorney's fees pursuant to DC CODE § 28-3814; and

(f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: May 24, 2018         RESPECTFULLY SUBMITTED,

                               By: /s/Richard W. Ferris

                               Richard W. Ferris, Esq.
                               VA State Bar No. 31812
                               FerrisWinder, PLLC
                               530 East Main Street
                               Suite 300
                               Richmond, VA 23219
                               (804) 767-1800
                               (888) 251-6228 Fax
                               rwferris@ferriswinder.com

                               Attorney for Plaintiff